# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| CAPITAL CONFIRMATION, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 3:14-1289 |
| vs. | ) | Judge Campbell/Brown |
| | ) | Jury Demand |
| LEGALCONFIRM, LLC and | ) | |
| PAYTON BARAN, | ) | |
| | ) | |
| Defendants | ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01 (d) (2), the following Initial Case Management Plan is **adopted**.

1. **Jurisdiction:**

Subject matter jurisdiction for the breach of the User Agreement asserted in this Complaint lies with the Court pursuant to 28 U.S.C. §§ 1332 as diversity of citizenship exists and the claims exceeds $75,000.

2. **Plaintiff's theory of the case:**

Capital Confirmation provides secure electronic confirmation services for auditors, those responding to confirmation requests, and their shared client. This service is found on confirmation.com. Confirmation.com's unique Authentication and Authorization process validates the authenticity and authorization of each user. Many of the services offered by Capital Confirmation are accessible only to member auditors through a limited access log on that is password protected. Prior to accessing the password protected services and features, users must agree to a User Agreement. In order to access the password protected services and features of Confirmation.com, the user must initially click the button entitled "Accept User Agreement and

1

Add Account" in order to gain initial access to the Confirmation.com site, and through that agreement the users also agree that each time the user accesses the Confirmation.com site they are agreeing to the user agreement. By initially clicking on the button entitled "Accept User Agreement and Add Account," and then by entering the user's unique ID and Password combination to enter the sight with each subsequent login to the password protected area of the site, the user enters into and agrees to abide by the terms of the User Agreement. By entering the password protected portion of the Confirmation.com website, the user is given access to the intellectual property and knowhow of Capital Confirmation. Section 9 of the User Agreement provides that "While a registered user of our service, and for a period of two (2) years from the date of last login, you agree not to offer services or assist others in offering services that would compete in any way with the services offered by Capital Confirmation." Baran on multiple occasions knowingly and intentionally entered Capital Confirmation's Confirmation.com website. After agreeing not to compete with Confirmation Capital and seeing how Confirmation.com operated, Baran formed LegalConfirm and launched its website located at www.legalconfirm.com. Baran individually, and through LegalConfirm, have breached and continue to breach the contract with Plaintiff.

    3. **Defendants' theory of the case:**

The Defendants contest all of the Plaintiff's claims and assertions. Specifically, the Plaintiff has no breach of contract claim against the Defendants. Nor is jurisdiction proper in this case. Furthermore, the covenant sued upon is overbroad and unenforceable as a matter of law.

The individual defendant graduated from Virginia Tech University in 2008 with a degree in Finance. Since that time, he has been employed by an accounting firm located in Montgomery County, Maryland as an auditor. He lives in Montgomery County, Maryland. He has never been to Tennessee, nor has he conducted business in Tennessee. He has never been employed by Capital Confirmation, Inc., nor has he ever been privy to any of its customer lists,

business plans, intellectual property, or trade secrets. On behalf of his employer, in furtherance of his work as an auditor, Mr. Baran obtained a user-id and password to request electronic financial confirmations though confirmation.com on behalf of his employer to serve his employer's clients. He never, personally, registered for confirmation.com. Using the confirmation.com website, pursuant to the required registration protocols, and in furtherance of his job as an auditor, Mr. Baran submitted requests for financial confirmations.

In August of 2013 Mr. Baran had reached a level of seniority at his accounting firm so that he no longer was tasked with making routine confirmations through the Capital Confirmation web site or otherwise. He has never been employed by Capital Confirmation, Inc., nor has he ever been privy to any of its customer lists, business plans, intellectual property, or trade secrets.

He has been involved with the incorporation of a business called LegalConfirm, LLC. That LLC created a website called LegalConfirm.com. LegalConfirm.com will facilitate electronic legal confirmations if and when LegalConfirm, LLC becomes an operational business. There appear to be no other companies that provide legal confirmation services.

While LegalConfirm.com is a live website, it has no customers and has never transacted any business at all. It has never performed a legal confirmation transaction. It has a few registered users, none of which are located in Tennessee nor has used a computer with an IP address in Tennessee.

Defendants did not breach any contract with Plaintiff, obtained no confidential or trade secret information from Plaintiff, and do not compete with Plaintiff. To the extent the Court finds any potential areas of overlap between the operations of LegalConfirm and Plaintiff, the overlap is not prohibited by any law or alleged contract between the parties. Plaintiff's lawsuit is

an impermissible attempt to prohibit any and all real or theoretical competition from any person, worldwide, who has ever accessed its website.

4. **Identification of the issues:**

Liability and damages are unresolved.

5. **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:**

Plaintiff does not anticipate any counter-claims, cross-claims, third-party claims, and joinder of other parties or claims, or class action certification.

6. **Witnesses, if known, subject to supplementation by each party.**

At this time, Plaintiff intends to call:

Payton Baran

Various employees of Plaintiff

At this time the Defendant intends to call:

Payton Baran

Other persons with knowledge whose identities, as well as the basis of their knowledge are learned during discovery including various employees of the Plaintiff.

7. **Initial Disclosures and Staging of Discovery:**

Defendants filed a motion to dismiss on August 11, 2014. It is also anticipated that briefing on the motion will be complete on or before the initial case management conference on September 2, 2014. The schedule agreed to by the parties contemplates a ruling on the motion to dismiss prior to October 1, 2014. Assuming the Court does not rule by that date, the parties will meet and confer regarding a modified case schedule.

The parties have agreed to exchange their respective Initial Disclosures, pursuant to Fed. R. Civ. P. Rule 26(a), by October 1, 2014.

Absent leave of the Court, each side shall be limited to no more than five (5) depositions, exclusive of non-party witnesses and testifying expert witnesses. All interrogatories, requests for admissions, requests for production of documents or other discovery filings that require a response must be filed sufficiently in advance of the discovery cutoff date to enable the opposing party to respond by the cut-off date.

The parties have agreed that electronic discovery will be handled by (1) continuing to preserve all relevant electronically stored information (ESI) in native format, (2) considering ESI within the scope of ordinary discovery to the extent reasonable, and (3) producing responsive ESI in searchable .pdf format with accompanying extracted OCR text and load files. Spreadsheet files, such as Excel files, and multimedia files should be produced in native format. All native format files are to be preserved, and the parties agree to meet and confer in good faith should any other native files be requested. Documents that present imaging or formatting problems shall be identified with a placeholder image and the Parties shall meet and confer to attempt to resolve any problems.

To the extent possible and practicable, the following metadata fields will be exchanged: (a) Beginning Bates Number; (b) Ending Bates Number (c) Parent Id; (d) Attach Ids; (e) Document Type; (f) Date Sent; (g) Date Created, modified, and last modified; (h) Custodian and/or Author; (i) Recipient; (j) From, To, CC, and BCC; (k) Subject; (l) Filename with file extension data; (m) File Path; and (n) MD5 Hash. Metadata fields should be provided in a delimited text file with the field definitions listed in the first row and should include instructions regarding specific delimiters used.

Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.

Plaintiff proposed the following discovery schedule:

(a) *Fact Discovery Cut-Off:*

   i. All fact discovery shall be completed by **June 1, 2015**;

   ii. All written discovery requests shall be served by **January 5, 2015**.

(b) *Expert Reports:* All expert reports pursuant to Fed. R. Civ. P. Rule 26(a)(2)(B) for which the party has the burden of proof shall be served by **July 15, 2015**.

(c) *Rebuttal Expert Reports:* All rebuttal expert reports shall be served by **September 1, 2015**.

(d) *Expert Discovery Cut-Off:* All expert depositions are to be completed **November 1, 2015**.

8. **Dispositive motions:**

All dispositive motions shall be filed by **December 1, 2015**.

Any opposition to a dispositive motion shall be filed by **January 5, 2016**.

Any reply to a dispositive motion shall be filed by **January 20, 2016**.

If dispositive motions are filed early, the response and reply dates shall be moved accordingly. The motion and response memoranda are limited to **25 pages** and the reply, if a reply is filed, is limited to **five pages**, absent Court permission.

9. **Other deadlines**:

Any motion to amend pleadings or add parties should be filed by **December 1, 2014**.

10. **Alternative dispute resolution (ADR):**

At this time, the parties do not have any plans for ADR, but believe ADR may be appropriate. The parties may wish to set a target date for a report on the use of ADR.

14. **Consent to trial before the Magistrate Judge:**

The parties do not consent to trial before the Magistrate Judge.

10. **Subsequent case management conferences:**

A subsequent case management conference is set for **November 13, 2014, at 10:00 a.m.** to discuss case progress and alternative dispute resolution. **To participate in the conference call, parties will call 877-873-8017 and enter Code 1958322# at the scheduled time.** A joint statement of any unresolved issues must be submitted at least **one full business day** prior to the conference call.

13. **Target trial date:**

This jury trial is estimated to take three days and is requested to begin on or after May 5, 2016. Judge Campbell will issue a separate order setting the date for trial and covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED.**

                                           **/s/ Joe B. Brown**
                                           **Joe B. Brown**
                                           **United States Magistrate Judge**